UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFTON GALLIN | CIVIL ACTION NO. 19-10070 |
| VERSUS | SECTION: |
| TYSON FOODS, INC. and/or TYSON SALES AND DISTRIBUTION, INC., ACE AMERICAN INSURANCE COMPANY and TERRY RANDALL | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants, Tyson Foods, Inc., Tyson Sales and Distribution, Inc., and Ace American Insurance Company, who file this Notice for Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### BACKGROUND

I.

Clifton Gallin, Plaintiff herein, filed a lawsuit styled *Clifton Gallin vs. Tyson Foods, Inc. and/or Tyson Sales and Distribution, Inc., Ace American Insurance Company, and Terry Randall* in Orleans Parish Civil District Court for the Parish of Orleans, State of Louisiana, No. 2018-9371, Division D, against Tyson Foods, Inc., Tyson Sales and Distribution, Inc., Ace American Insurance Company, Terry Randall, and Esurance Insurance Company.  The suit seeks damages for mental anguish and emotional distress, medical expenses, physical pain and suffering, loss of function, loss of wages and earning capacity, loss of enjoyment of life, special care and services,

and permanent partial disability for Plaintiff's alleged injuries sustained in an automobile collision occurring in Orleans Parish, Louisiana on  September 20, 2017.  (See Petition for Damages attached as Exhibit "1").

## II.

The state court action commenced on September 18, 2018.  Tyson Foods, Inc. and Tyson Sales and Distribution, Inc. both received notice on or after October 25, 2018. Ace American Insurance Company received notice on or after October 16, 2018. Therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

## III.

These Defendants previously removed this matter to this Court on October 30, 2018, under docket number 18-cv-10134. (*See* Notice of Removal, attached as Exhibit 2). On November 20, 2018, Plaintiff filed a Motion to Remand, arguing that the matter should be remanded to state court in order for it to be consolidated with another case involving the same alleged accident, the *Dents* lawsuit pending under docket number 18-8806 in Orleans Parish Civil District Court. (*See* Plaintiff's Motion to Remand, attached as Exhibit 3). Plaintiff's Motion to Remand notably did not contest that the parties were diverse nor did he contest that the amount in controversy exceeded $75,000. *Id.* On December 27, 2018, Defendants filed an Opposition to Plaintiff's Motion to Remand arguing that rather than filing a cross-claim in the *Dents* matter, the Plaintiff opted to file a separate lawsuit which had complete diversity and was removable to this court. (*See* Opposition to Plaintiff's Motion to Remand, attached as Exhibit 4). On January 23, 2019, the Court ruled that there was insufficient evidence that the amount in controversy exceeded the jurisdictional minimum of $75,000. As such, the Court remanded the matter to state court. (*See* January 23, 2019 Order and Reasons, attached as Exhibit 5).

IV.

On November 20, 2018, despite previously filing a separate lawsuit asserting the same allegations arising from the same alleged accident, Plaintiff filed a cross-claim in the *Dents* matter. (*See* Plaintiff's Cross-Claim in the *Dents* matter, attached as Exhibit 6). Defendants filed an Exception of *Lis Pendens* seeking dismissal of Plaintiff's cross-claim in the *Dents* matter, Plaintiff's second filed claim arising from the same alleged accident. *See* Defendants Exception of *Lis Pendens* in the *Dents* matter, attached as Exhibit 7). Following remand from this Court and prior to the hearing on Defendants' Exception of *Lis Pendens* in the *Dents* matter, Plaintiff filed a Motion to Voluntarily Dismiss his separate lawsuit, which was subsequently signed by the state court judge without hearing or notice provided to these Defendants. (*See* Plaintiff's Motion to Voluntarily Dismiss, attached as Exhibit 8). On February 26, 2019, Defendants filed a Motion for New Trial arguing that Plaintiff's Motion to Voluntarily Dismiss was procedurally improper and that his first filed claim should proceed rather than his second filed claim in the *Dents* matter. (*See* Defendants' Motion for New Trial, attached as Exhibit 9). Plaintiff filed an opposition and Defendants subsequently filed a reply. (*See* Plaintiff's Opposition to Defendants Motion for New Trial, attached as Exhibit 10, and Defendants' Reply Memorandum, attached as Exhibit 11). On April 26, 2019, the state court granted Defendants' Motion for New Trial which set aside Plaintiff's dismissal and reinstated this matter under docket number 2018-9371, Division D in Orleans Parish Civil District Court. (*See* Motion for New Trial Judgment, attached as Exhibit 12). With the matter reinstated, and the parties being completely diverse, these Defendants move for removal to this Court.

V.

At the April 26, 2019 hearing regarding Defendants' Motion for New Trial, counsel for Plaintiff, upon inquiry regarding the amount in controversy by the judge, stated on the record that this matter is removable to federal court with the following:

```
JUDGE ERVIN-KNOTT:

     I understand, but you are anticipating that
that's what they might do. I know you don't get
to pick your defendants, right, but if they have
a right to be in federal court -- I understand.
But procedurally, I have to set aside the
dismissal and let the chips fall where they may.
Now part of the reason why it was kicked back is
because they didn't believe the amount in
controversy didn't exceed. I don't know what the
amount in controversy is.

MS. ALBERT:

     We don't know either, Your Honor.

JUDGE ERVIN-KNOTT:

     So it may or may not get removed.

MR. MAYEAUX:

     Oh, no, it will.  The judge did not get to
```

… .

(*See* Transcript of April 26, 2019, p. 7, attached as Exhibit 13). Following the hearing, Gallin's counsel acknowledged to the undersigned that the amount in dispute exceeds $75,000 and advised that Dr. Najeeb Thomas is recommending Gallin for a spinal fusion surgery. We requested a copy of the pertinent medical records from Gallin's counsel. (*See* May 1, 2019 Correspondence with Gallin's Counsel, attached as Exhibit 14). Thus, removal is timely under 28

U.S.C. § 1332, as it is within thirty (30) days of the receipt by these Defendants of "other paper from which it may first be ascertained that the case is one which is or has become removable."

<u>**BASIS OF REMOVAL**</u>

VI.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

VII.

Tyson Foods, Inc. is incorporated in the State of Delaware with its principal place of business in the State of Arkansas.

VIII.

Tyson Sales and Distribution, Inc. is incorporated in the State of Delaware with its principal place of business in the State of Arkansas.

IX.

Terry Randall is a citizen of the State of Mississippi.

X.

ACE American Insurance Company is incorporated in the State of Pennsylvania with its principle place of business in the State of Pennsylvania.

XI.

Upon information and belief, Esurance Insurance Company is incorporated in the State of Delaware with its principle place of business in the State of California.

XII.

Clifton Gallin is a citizen of the State of Louisiana.

XIII.

Because Plaintiff is a citizen of the State of Louisiana and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

XIV.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

XV.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XVI.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiffs' Petition. For purposes of removal, Plaintiff admits, and the evidence establishes, that the amount in controversy exceeds $75,000.00, exclusive interests and costs.

XVII.

In the Petition, for example, Plaintiff asserts that his vehicle was "struck from the passenger side by a 2016 Freight Tractor, owned defendant, Tyson, and operated by defendant, Terry Randall." The Petition further alleges that as a result of the "sudden, unexpected, and violent blow of the collision," the Plaintiff suffered "severe and painful injuries."   (*See* Petition for Damages, ¶¶  III & IX, attached as Exhibit "1"). Further, Gallin stated through counsel that he has a spinal fusion surgery recommendation from Dr. Najeeb Thomas.

XVIII.

Based on these allegations, Plaintiff seeks to recover the following damages:

      a.      Past, present, and future medical expenses;

      e.      Past, present, and future physical pain and suffering and loss of function

      c.      Past, present, and future mental anguish and emotional distress

      d.      Past and future loss of wage and diminished earning capacity;

      f.      Special care and services;

      g.      Loss of enjoyment of life; and

      h.      Permanent partial disability.

*Id.* at ¶ X.

XIX

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332. Additionally, based on statements made in open court, and pursuant to discussions with Plaintiff's counsel, Plaintiff has a surgical

recommendation and the amount in controversy exceeds the jurisdictional threshold to remove. *See* Exhibit 14.

XX.

Defendants do not admit the underlying facts alleged by Plaintiff and deny liability to Plaintiff.

**REMOVAL PROCEDURE**

XXI.

Based on the state court record, all defendants who have been properly served with Plaintiff's petition affirmatively consent to the removal of this action.  *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (observing that notice of removal filed before all non-resident defendants served with process still effective).

XXII.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the "other paper" setting forth the claim for relief upon which the action or proceeding is based.

XXIII.

The state court action was commenced on September 18, 2018 and this removal has been filed within one (1) year after its commencement.

XXIV.

Venue is proper within the Eastern District of Louisiana because the matter is being removed from Division D of Orleans Parish Civil District Court—a court which the Eastern District of Louisiana embraces, and more specifically:

> The Honorable Nakisha Ervin-Knott
> Orleans Parish Civil District Court

8

Division D-12
421 Loyola Ave.
New Orleans, Louisiana 70112
Phone: (504) 407-0230
Facsimile: (504) 558-0060

XXV.

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this

removal to all adverse parties and will file a copy of the Notice with Orleans Parish Civil District

Court.

XXVI.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as

follows:

    a.  *Counsel for Plaintiff – Clifton Gallin*
        Paul E. Mayeaux  (#21750)
        1421 N. Causeway Blvd., Suite 100
        Metairie, Louisiana 70001
        Telephone: (504) 831-1031
        Fax: (504) 831-2431

    b.  *Counsel for Defendants—Tyson Foods, Inc., Tyson Sales and Distribution, Inc., Terry Randall, and Ace American Insurance Company.*
        Andrea L. Albert (#27353)
        Ryan D. O'Connor (#35272)
        Galloway, Johnson, Tompkins, Burr & Smith
        #3 Sanctuary Boulevard, Third Floor
        Mandeville, Louisiana  70471
        Phone:  (985) 674-6680
        Facsimile:   (985) 674-6681

XXVII.

Further pursuant to 28 U.S.C. § 1447(b) and LR 3.2, a complete copy of the state court

record has been requested from Orleans Parish Civil District Court. Upon receipt, movers will

supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXVIII.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal.  She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendants, Tyson Food, Inc., Tyson Sales and Distribution, Inc., and Ace American Insurance Company, pray that this Notice be accepted as good and sufficient, and that this civil action be removed from Orleans Parish Civil District Court Parish of Orleans, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the Orleans Parish Civil District Court for the Parish of Orleans, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

 /s/ Andrea L. Albert_____
**ANDREA L. ALBERT (#27353)**
**RYAN D. O'CONNOR (#35272)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Tyson Foods, Inc., Tyson Sales and*
*Distribution, Inc., Ace American Insurance*
*Company, and Terry Randall*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 3rd day of May, 2019 a copy of the foregoing pleading has

been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the

court's CM/ECF system.

                          /s/ Andrea L. Albert_____
                          **ANDREA L. ALBERT**