CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CLIFTON GALLIN

VERSUS

TYSON FOODS, INC. and/or TYSON
SALES AND DISTRIBUTION, INC., ACE
AMERICAN INSURANCE COMPANY and
TERRY RANDALL
FILED:_____   _____
                                                  DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition of **CLIFTON GALLIN**, person of the full age of majority and domiciled and residing in the Parish of Orleans, State of Louisiana, respectfully represents:

I.

Made defendants herein are:

a)    **TYSON FOODS, INC. and/or TYSON SALES AND DISTRIBUTION, INC.**, hereinafter referred to as "**TYSON**", a foreign corporation organized and existing under the laws of a state other than Louisiana, but authorized to do and doing business in the State of Louisiana;

b)    **ACE AMERICAN INSURANCE COMPANY**, hereinafter referred to as "**ACE AMERICAN**", a foreign insurance company organized and existing under the laws of a state other than the State of Louisiana, but authorized to do and doing business in the State of Louisiana;

c)    **TERRY RANDALL**, upon information and belief, a natural person of the full age of majority, domiciled and residing in the State of Mississippi; and

d)    **ESURANCE INSURANCE COMPANY**, hereinafter referred to as "**ESURANCE**", a foreign insurance company organized and existing under the laws of a state other than the State of Louisiana, but authorized to do and doing business in the State of Louisiana.

II.

The above named Defendants are liable unto Petitioner for all damages to be shown at the time of trial, including legal interest from the date of judicial demand until paid, and for all court costs relating to these proceedings.

III.

On or about September 20, 2017, at approximately 8:00 PM, **CLIFTON GALLIN**, was operating his 2013 Nissan Maxima proceeding in a easterly direction on Interstate 10, at or near the approach to the merge with Interstate 610, in the Parish of Orleans, State of Louisiana, when suddenly and without warning, Petitioner's vehicle was struck from the passenger side by a 2016 Freight Tractor, owned by defendant **TYSON** and operated by defendant **TERRY RANDALL**. The investigating officer determined that **TERRY RANDALL** was in violation of improper lane use.

IV.

At all times material hereto, **CLIFTON GALLIN** was operating his vehicle in a safe and careful manner and in accordance with the Louisiana Revised Statutes on Motor Vehicles. Petitioner in no way contributed to the cause of this collision.

V.

Petitioner avers that the said collision and injuries were caused solely and entirely by the negligence and/or fault of **TERRY RANDALL** in the following acts of commission and omission:

- a) Improper lane use;
- b) Careless operation;
- c) Not having his vehicle under proper control;
- d) Not maintaining a proper lookout;
- e) Driving in an inattentive and manner in utter disregard for the safety of others;
- f) Crashing into the vehicle occupied by Petitioners;
- g) Generally failing to exercise due care under the circumstances;
- h) Any and all other acts of negligence and/or fault to be shown at the time of trial.

All of which acts of commission and omission were negligent and in violation of

common sense, common care, and common prudence, and all in violation of the laws of the State of Louisiana, which are pled herein as if copied in extenso.

VI.

Petitioner avers that, at all times pertinent hereto, TERRY RANDALL, was functioning in the course and scope of his employment as an officer, director, agent and/or employee of defendant, TYSON, and as such, under the laws of vicarious liability, master and servant and respondeat superior, TYSON, is liable unto Petitioner for the damages and injuries complained of and claimed herein.

VII.

That at all times pertinent hereto, TERRY RANDALL, was driving for TYSON with TYSON's expressed permission and consent.

VIII.

The acts of fault and negligence of defendant, TYSON, were as follows, but not limited thereto:

a) Allowing their vehicle to be operated by an untrained, unskilled and careless driver;
b) Failing to instruct defendant TERRY RANDALL in the proper operation of a motor vehicle;
c) Generally failing to exercise due care under the circumstances; and
d) Such other acts and omissions as will be shown at the trial of this matter.

IX.

Petitioner, CLIFTON GALLIN, avers that the sudden, unexpected, and violent blow of the collision caused him to suffer the damages and receive severe and painful injuries complained of herein.

X.

The above described collision has caused CLIFTON GALLIN to suffer the following damages:

a) Past, present and future medical expenses;
b) Past, present and future physical pain and suffering and loss of function;
c) Past, present and future mental anguish and emotional distress;
d) Past and future lost wages and diminished earning capacity;

e) Special care and services;

f) Loss of enjoyment of life; and

g) Permanent partial disability.

## XI.

Petitioner avers that, at the time of the collision herein, there was in full force and effect a policy of liability insurance issued by defendant **ACE AMERICAN** to defendant **TYSON** and that such policy of insurance provided liability coverage to **TYSON** and **TERRY RANDALL** for the damages and injuries sustained by Petitioners and by virtue of said contract of insurance, said insurer is liable unto Petitioner for all acts of commission and omission and acts of negligence which are alleged in this lawsuit, and therefore the said insurer is a proper party defendant to this cause of action.

## XII.

Petitioner avers that, at the time of the collision herein, there was in full force and effect a policy of insurance issued by defendant **ESURANCE** to **CLIFTON GALLIN** that included uninsured and/or underinsured motorist insurance and that such policy provided uninsured/underinsured motorist coverage to Petitioner and by virtue of said contract of insurance, said insurer is liable unto Petitioner for all acts of commission and omission and acts of negligence which are alleged in this lawsuit, and therefore the said insurer is a proper party defendant to this cause of action.

## XII.

Petitioner avers that upon information and belief, defendant **TERRY RANDALL** was uninsured and/or underinsured for the damages and injuries sustained by Petitioner.

## XIV.

Upon information and belief, Petitioner avers that **TERRY RANDALL** is not in the military of the United States or any of its allies.

**WHEREFORE**, petitioner, **CLIFTON GALLIN**, prays that this Petition be duly filed and served upon defendants, and that after due proceedings are had, there be judgment herein in Petitioners' favor and against defendants, **TYSON FOODS, INC. and/or TYSON SALES**

AND DISTRIBUTION, INC., ACE AMERICAN INSURANCE COMPANY, TERRY RANDALL, and ESURANCE INSURANCE COMPANY, jointly, severally, and in solido, along with damages in an amount as is reasonable in the premises, together with legal interest from the date of judicial demand until paid in full, for all costs of these proceedings, attorney's fees, and for all general and equitable relief as deemed necessary and proper by this Honorable Court.

Respectfully Submitted

PAUL E. MAYEAUX (#21750)
PAUL E. MAYEAUX, ATTORNEY AT LAW, LLC
1421 N. CAUSEWAY BLVD., STE. 100
METAIRIE, LOUISIANA 70001-4148
TELEPHONE: (504) 831-1031
FACSIMILE: (504) 831-2431

PLEASE SERVE:

**TYSON FOODS, INC. and/or TYSON SALES AND DISTRIBUTION, INC.**
**Through the Louisiana Long Arm Statue**
The Corporation Company
124 West Capital Avenue Suite 1900
Little Rock AR 72201

**ACE AMERICAN INSURANCE COMPANY**
**Thru its Agent for Service of Process:**
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge LA 70809

**TERRY RANDALL**
**Through the Louisiana Long Arm Statute**
789 Martin Luther King Drive
Morton MS 39117

**ESURANCE INSURANCE COMPANY**
**Thru its Agent for Service of Process:**
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge LA 70809



Gallin v. Tyson, et al.