CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2018-8806                                                           DIVISION " G "

LARREN DENTS, ET AL

VERSUS

TERRY RANDALL, ET AL

FILED:_____         _____
                                                                    DEPUTY CLERK

## MOTION TO QUASH SUBPOENA DUCES TECUM
## FOR PRODUCTION OF CELL PHONE RECORDS

NOW INTO COURT, by and through undersigned counsel, for the limited purpose of the Motion to Quash, comes Cornelius Garrison, et al who respectfully the following:

1.

Defendant, TERRY RANDALL, ET AL, has served upon T-Mobile USA, Inc., (T-Mobile) a *Subpoena Duces Tecum* commanding production of a person, who is not a party to this litigation, Cornelius Garrison, for **three and a half years** of his cellular usage records from January 17, 2016 through May 30, 2019.  Please see Exhibit A.  According to the Petition for Damages in this case the accident which gave rise to the litigation occurred on or about September 20, 2017.  Defendants in this matter seek records from Mr. Garrison, a NON-PARTY and/or witness, who has no knowledge of this accident for records over a year and a half BEFORE this accident even occurred and for another year and a half period AFTER this accident occurred.  Defendant's offer no rationale, basis, nor even notice for the attempted production of these records which violate Mr. Garrison's Right of Privacy under Louisiana's Constitution and other reasons more fully set forth in the accompanying Memorandum.

2.

T-Mobile is also not a party to this litigation, but T-Mobile was the cellular provider to the owner of a cell phone who is a **NON-PARTY** during this time period.

3.

The subpoena seeks production of information which is irrelevant to the issues in this lawsuit. The subpoena is being used as a tool to harass and invade Plaintiff's privacy.  There is no

Exhibit G

legitimate reason to subpoena the cell phone records of a NON-PARTY to this litigation, especially for a three-and-a-half-year period! Defendant merely seeks to obtain the cell phone records to note whom Plaintiff called to do nothing other than go on a "fishing expedition" of some irrelevant and not calculated to lead to discoverable and/or admissible evidence in their case. The ludicrous nature of their request is the ridiculous request for Mr. Garrison's phone records for 18 months BEFORE this accident in question and another EIGHTEEN MONTHS after this accident. It is clear that Defendant merely seeks to know if Mr. Garrison ever called someone who knew someone or was a "known associate" of another person who may have had a similar accident. Taking the position of the light most favorable to the Defendant, that the production of Mr. Garrison's phone number that he either called a cell phone of a neighbor or anyone else at any point in the three and a half year history sought by Defendant that Plaintiff spoke with someone who may have had an accident it would not be discoverable to anything Defendant raises in their Answer. Consequently, Defendant can offer no reason and/or rationale for the production of Mr. Garrison's cell phone records other than to go on a complete "fishing expedition" or harassing a non-party.

Defendant's subpoena commands production of "all cell phone usage records, including inbound and outbound calls, text messages available, billing information, engineering maps from the cell towers, subscriber E.S.N., mobile identification number, the format for how the international mobile subscriber identity number is provided, an engineering map showing all cell-site tower location(s), sector(s) and orientation(s)..." among a plethora of other personal information concerning this non-party Mr. Garrison covering the arbitrary period of January 17, 2016 through May 30, 2019.

4.

The subpoena was issued on T-Mobile on or about June 3, 2019 and calls for production by June 28, 2019.

5.

As more fully set forth in the attached memorandum in support of this motion, Plaintiff moves this Honorable Court to Quash the subpoena on the basis that the subpoena seeks sensitive, personal information which is irrelevant to any issue involved in this lawsuit. Further, Defendant

has not requested nor according to the record taken any deposition in this matter, nor given Mr. Garrison an opportunity to even know that his personal and private phone records were even being subpoenaed, which is a violation of her Due Process and invasion of his privacy under the Fourth Amendment and Louisiana's Constitution and Right to Privacy under the 5th Amendment. In reading the record, Defendant has also requested Mr. Garrison's cell records from Mr. Garrison from July 20, 2017 through October 20, 2017 in another SDT issued by them which should also be Quashed. Defendant's subpoena is nothing more than an improper fishing exhibition which tramples the rights of a non-party, in this case Mr. Garrison.

WHEREFORE, Plaintiff prays that this Honorable Court issue an order quashing the Subpoena Duces Tecum.

Respectfully submitted,

MOTTA LAW, LLC

Vanessa Motta (#36915)
3632 Canal Street
New Orleans, Louisiana 70119
504-500-7246 (telephone)
504-513-3122 (facsimile)
COUNSEL FOR CORNELIUS GARRISON

**CERTIFICATE OF SERVICE / COMPLIANCE**

I hereby certify that on this 12th day of June, 2019, I have sent a copy of this Motion either by fax, U.S Mail postage pre-paid and/or email or by hand with the Clerk of Court and to all counsel of record.

Vanessa Motta

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2018-8806  DIVISION " G "

LARREN DENTS, ET AL

VERSUS

TERRY RANDALL, ET AL

FILED:_____   _____
DEPUTY CLERK

## ORDER

Having considered Plaintiff's Motion to Quash Subpoena Duces Tecum;

IT IS HEREBY ORDERED that Plaintiff's Motion to Quash Subpoena Duces Tecum is hereby **GRANTED.**

Done and signed this ____ day of _____, 2019 in New Orleans, Louisiana.

_____
JUDGE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2018-8806                                                     DIVISION   " G "

LARREN DENTS, ET AL

VERSUS

TERRY RANDALL, ET AL

FILED:_____          _____
                                                                  **DEPUTY CLERK**

<u>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
SUBPOENA DUCES TECUM**</u>

**MAY IT PLEASE THE COURT**:

**NOW INTO COURT**, by and through undersigned counsel, comes Plaintiffs, who respectfully moves for an order quashing Defendant, TERRY RANDALL, ET AL'S *SUBPOEENA DUCES TECUM* which commands production of a NON-PARTY to this litigation, Cornelius Garrison's cell phone usage data. Defendant Randall's actions amount to nothing more than a harassing fishing expedition, apparently launched for specious reasons having nothing to do with this case.

## FACTS

The instant subpoena commands production of "all cell phone usage records, including inbound and outbound calls, text messages available, billing information, engineering maps from the cell towers, subscriber(s), electronic Serial Number (E.S.N.), and billing information for the specified cellular/wireless telephone or any telephone number(s) revealed from these records; an engineering map showing all cell-site tower location(s), sector(s) and orientation(s). And a list of any and all applicable cellular site(s), number(s) and orientation(s)." The request goes on and on and specifies personal and private information to which Mr. Garrison, who is not a party to this litigation, would be subject to provide to Defendant via his cell phone carrier, for a period of three and one half (3 ½) years. Defendant gives no basis and cannot provide any reason(s) whatsoever, for the basis of requesting cell phone records for a period of time to this NON-PARTY to provide such invasive and private information for a period that extends 18 months before and after this accident which gives rise to this litigation.

**LAW AND ARGUMENT**

Standing is not an issue. The records seek to obtain records from Mr. Cornelius Garrison who is represented by counsel.

The United States and Louisiana's Constitution has given protection to citizens under the 5th Amendment Right to Privacy. Specifically, Under Louisiana citizen's Right to Privacy it states as follows:

"Section 5. **Every person shall be secure in his** person, property, **communications,** houses, papers and effects **against unreasonable** searches, seizures, or **invasions of privacy**. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seize, and *the lawful purpose or reason for the search*. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court." LSA-Const. Art. 1 Sec. 5

**Louisiana citizens have a greater protection against unreasonable search and seizures under the Louisiana Constitution than the federal constitution**. *State v. Thomas*, 70 So.3d 96, 2010-0651 (La. App. 4th Cir. 6/8/11). This follows a long-standing Louisiana protection that Louisiana's provision of protecting citizens against "**invasion of privacy**" affords higher standards of individual liberty than Fourth Amendment of United States Constitution. *State v. Matthews*, 654 So.2d 868, 1994-2112 (LA. App. 4th Cir. 4/26/95). Louisiana's declaration of right to privacy is not duplicative of or merely coextensive with Fourth Amendment; State Constitution contains higher standard of individual liberty than that afforded by Federal Constitution. *Banks v. Department of Public Safety and Corrections, Louisiana Training Institute-East Baton Rouge*, 598 So.2d 515 (La. App. 1st Cir. 1992).

In order to invoke Louisiana's Right to Privacy the claimant must have a legitimate expectation of privacy in the place of intrusion and the expectation must be one that society is prepared to recognize as reasonable. *State v. Boyette*, 264 So.3d 625, 52, 411 (La. App. 2 Cir. 1/16/19).

The reader need not look far to determine if a person has a reasonable expectation of privacy in a cell phone. The United States Supreme Court in *Carpenter v. U.S.*, 138 S. Ct. 2206

(U.S. 6/22/2018), already decided that issue.

In *Carpenter,* our Supreme Court of the United States has found that **a person's cell phone is so personal in technology and personal information that a person has a 4th Amendment and 5th Amendment right to privacy when it comes to cell phone records and other personal information associated with his cell phone**.

Louisiana recognized the value of protection of its citizens Right to Privacy in the electronic contents of a cellar phone such as text messages, photographs and contacts. State v. Green, 164 S.3d 49, 741 (La. App. 2nd Cir. 4/15/15).

Thus, the only issue for this court to decide is whether the Defendant's request to go on a "fishing expedition" for Mr. Garrison, a NON-PARTY'S cellular phone records, outweighs each individual's Federal 4th Amendment and Louisiana Constitution's 5th Amendment Right to Privacy.

Clearly, all case law and common sense dictates that Mr. Garrison's 4th Amendment rights far and away trump the Defendant's "fishing expedition" request to peruse through his cell phone records and cell tower movements, whereabouts, and the plethora of other information they seek. None of the evidence leads to any discoverable or admissible evidence. Defendant offers no reason why they should be allowed to obtain Mr. Garrison's cell phone records.

Defendants in this matter already have trampled Mr. Garrison's rights to privacy by requesting three-month's worth of cell phone records in another SDT issued by a different defense counsel. Now, by believing that an inch equals a mile and a mile equals infinite discretion, Defendant in this matter now seek to obtain three and a half (3 ½) years of the cell phone records of Mr. Garrison, again a NON-PARTY to this litigation.

The only potential basis for the request for cell phone records might be on the day of the accident whereupon it could be possible to refute that the Plaintiff, or maybe even a passenger, was distracted and did not see the accident because they were on their cell phone at the time of the accident. To allow a warrantless intrusion on a NON-PARTY for a three and a half year (3½) period of their personal cell phone is *unreasonable* and a complete disregard to Mr. Garrison's 4th and 5th Amendment right to privacy which in Louisiana are given a "heightened" degree of privacy and as such the SDT must be Quashed.

**The Stored Communications Act**:

The Stored Communications Act ("SCA"), 18 U.S.C 2701-2712 comprises part of the Electronic Communications Privacy Act of 1986, and ***prohibits*** '**providers**' of communication services from divulging private communications to certain entities and/or individuals." *Doe v. San Diego*, 2013 WL 2338713 (USAC S.D. California 5/28, 2013).

"The SCA provides different prohibitions depending on whether the communications provider is classified as an 'electronic communication service' or a 'remote computing service.' *Mintz v. Mark Bartlestein & Assocs., Inc.*, 885 F. Supp. 2d. 987, 991 (C.D. Cal 2012), quoting 18 U.S.C. 2701(a). According to the Ninth Circuit, "wireless communications providers such as [Verizon] are properly classified as an 'electronic communication service.'"*Id.* (citing *Ouan v. Ouan*, 529 F.3d 901 – 03. Thus, under the SCA, Verizon "must comply with the rules applicable to electronic communication services and 'shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service,' 18 U.S.C. 2702 (a)(1), unless one of the specifically enumerated exceptions in 18 U.S.C. 2702(b) apply." *Id.* (emphasis added). Here, the Court finds **that none of the exceptions** listed in 28 U.S.C. § 2702(b) apply"

Importantly, **"[t]he SCA does not contain an exception for civil discovery subpoenas**." *Doe v. City of San Diego*, Id. At *3. See also *Mintz*, Id at 991, citing, *Crispin* 717 F.Supp. 2d at 976. (***rejecting*** argument that the SCA permits the disclosure of the contents of communications pursuant to a civil discovery subpoena); *Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008)("[A]s noted by the courts and commentators alike, **2702 lacks any language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order.**"); *Viacom Int'l Inc. v. Youtube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (holding that the "**2702 contains no exception for disclosure of such communications pursuant to civil discovery requests**");

In re *Subpoena Duces Tecum to AOL, LLC*, 550, F.Supp.2d 606, 611 (E.D. Va, 2008), ("Applying the clear and unambiguous language of 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil

discovery subpoenas."); O'Grady v. Superior Court, 139 Cal. App. 4th 142w3, 1447, 44 Cal Rptr. 3d 72 (Cal. Ct. App. 2006).

("Since the [SCA] makes no exception for civil discovery and no repugnancy has been shown between a denial of such discovery and congressional intent or purpose, the Act must be applied, in accordance with its plain terms, to render unenforceable the subpoenas seeking to compel Kraft and Nfox to disclose the contents of e-mails stored on their facilities.")). Moreover, "the absence of any exception for civil discovery subpoenas in the text of the statute should be construed as intentional." Id. At 992 n 3, 44 Cal Rptr 3d 72 (citing *Crispin* 717 F. Supp. 2d at 975)

The holding and findings of other courts who have discussed the SCA make perfect sense when balancing the individual's right to privacy which Congress certainly considered under the SCA. Furthermore, **Congress' intent was not as Defendant's have seemed to believe that they can arbitrarily subpoena any number of any person for any length of time they desire without any nexus to the case**. Individuals are required to sign Medical Authorizations for medical records, social security information, tax returns, etc. As the United States Supreme Court has already held in the *Carpenter* case, a reasonable expectation of privacy exists in cell phones for individuals. **The SCA does not allow the disclosure of phone records pursuant to a Subpoena Duces Tecum**.

Considering the additional fact that Louisiana's Right to Privacy under the 5th Amendment of the State Constitution affords a greater protection for its citizens, there is no justifiable way that a Defendant can arbitrarily seek cell phone records for months at a time. The need for the Defendant to obtain such records without any cause whatsoever, does not come close in a balancing test to outweigh the privacy rights afforded under the United States Constitution, Louisiana Constitution and the Stored Communications Act.

Defendants have gotten into a "trend" where they not only seek records of the Plaintiff for arbitrary periods of time, but also seek their movements, usage and numerous other activities over extended periods of time. Now, Defendants have extended their "fishing expedition" into NON-PARTY phone records and in this case for the past three-and-one-half-years! The rampant nature of allowing this to continue has led litigants in these cases to now arbitrarily request phone records from third parties by merely stating the number and not even stating to whom the phone belongs

to nor if the person has any nexus to the accident which gives rise to this litigation. There is no possible way that Congress intended to allow such abuses and it is incumbent upon the Court to stop these abuses and follow the clear intent of Congress and the line of cases which have laid a proper groundwork for balancing the privacy interests of a citizen versus the need for a Defendant to obtain such information.

**18 U.S.C 2702 clearly states ALL exceptions allowed under the SCA.** Under 18 U.S.C. 2702 C (2), Congress gave 7 exceptions to obtaining cell phone records:

Most important, other than allowing a government agency to obtain the records or in the interest of an emergency involving an exploited child, the exception clearly states under (2);

2.      with the lawful consent of the customer or subscriber

In this case as well as many others, defendants do not seek the consent of the customer or subscriber, Mr. Garrison. Defendants clearly believe it is easier or better to ask for forgiveness rather than permission. Defendant seeks to obtain information from mon-parties who have no idea their rights to privacy are being violated. It is virtually impossible for those persons to object because no notice nor opportunity to be heard nor object has been afforded to them. In fact, Defendant goes to great lengths in their Motion to stop such occurrence by merely stating that they want records for a number and do not provide the name of the person to which they seek the information.

**Other cases have not allowed for information pursuant to a Subpoena Duces Tecum of cell phone records under 18 U.S.C. 2702 when it came to non-party requests**

Recently, in *United States v. Wenk*, 319 F. Supp. 3d 828, a non-party email provider was not compelled to produce content from mail accounts purportedly associated with defendant being prosecuted for wire fraud, given that information was covered under Stored Communication Act (SCA) which required provider to disclose information only if ordered to do so by "government entity" and thus District Court would vacate and quash defendant's order and subpoena seeking that content; it was clear that *courts did not qualify as a "governmental entity"* **under the SCA**, as that term and "courts of competent jurisdiction" were separately defined in the SCA meaning the SCA merely vested provider with discretionary authority once defendant provided consent, rather than providing criminal defendant with means to compel disclosure.

Similarly, the Electronic Communications Privacy Act prohibited internet service providers from producing emails of non-party witnesses in an action pending in another district which were sought pursuant to a subpoena duces tecum; **issuance of the civil discovery subpoena was not an exception to the provisions of the Act so as to allow the provider to disclose the communications.** *In re Subpoena Duces Tecum to AOL, LLC,* 550 F. Supp 2d 616 (E.D. Va 4/18/2008).

The *AOL* case is also interesting because it disallowed an insurance company, State Farm to seek electronic communications because the statutory language of the Privacy Act **does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas**. The court found that State Farm's argument under Federal Rule of Civil Procedure 45 was unpersuasive because 18 U.S.C. 2703 pertains exclusively to ***criminal investigations, not civil discovery matters***. The court stated that "unauthorized private parties" and governmental entities are prohibited from using Rule 45 civil discovery subpoenas to circumvent the Privacy Act's protections.

**Local Federal Courts have denied and quashed Subpoena Duces Tecums for phone records in the Eastern District of Louisiana when Defendant's fail to exercise good cause for their production.**

In a recent federal court decision, Chief Magistrate Judge Wilkinson recently decided an identical issue in *Winter v. Bisso Marine Co.,* 2014 U.S. Dist. LEXIS 103281, 2014 WL 3778833 (E.D. La. 2014), quashing the subpoena for the cellular usage of that plaintiff. Judge Wilkinson applied the ordinary discovery standard and held that "plaintiff's relevance objections are well founded". *Id.* Judge Wilkinson elaborated that "**the subpoena is not reasonably calculated to lead to the discovery of admissible evidence ... to whatever extent the materials sought may have some tangential relevance to the subject matter involved in the action ... Bisso Marine has not articulated good cause to expand the scope of discovery to such matters.**" *Id.,* (citing Fed. R. Civ. P. 26(b)(1).)

This is not the first time a Motion to Quash for personal cell phone records has been requested, heard and ultimately Quashed by similar courts. Defendants do not offer any case law to support their proposition that this matter is nothing more than a "fishing expedition" of a non-

party to then attempt to conduct some sort of ancillary discovery. It should not matter who Ms. Garrison calls. His records and whom he calls and when is not a matter of discovery in a case to which there can be no plausible reason for the defense to request a person's cell phone records. This is merely an attempt to try to discover calls he may have made to someone who may know someone who had or has a similar accident to potentially advance their "affirmative defense" that this accident was or may have been staged. If the accident was "staged" as Defendant claims, then perhaps they should depose the Plaintiff(s) in this matter and their driver to determine those facts. Requesting years of telephone records from a Non-Party, such as Mr. Garrison does not provide that information to Defendant and does not outweigh Mr. Garrison's rights.  Mr. Garrison specifically denies that he has engaged in any fraudulent activity despite the Defendant's "theory" of guilt by either association and/or living in the same "vicinity" as someone else if Defendant wants to use any of those "theories" as a basis for their claim. Consequently, Defendant in this matter is attempting to go on a fishing expedition, which, **at best**, would conclude nothing. According to the record, Defendants have asked for phone records of the Plaintiffs themselves and would have on those records if there were calls to Mr. Garrison for whatever attempt to show those calls even mean anything. Interestingly, the Defendant only asked for a couple months of the PLAINTIFF'S those phone calls **rather than years** as they have for this NON-PARTY, Mr. Garrison.

This particular subpoena seeks production of private information which is irrelevant to the issues in this lawsuit. Defendant has not provided **any rationale for the issuance of its subpoena and in light of the denied of their far-fetched allegations, because they simply cannot. It is presumed that if Defendants' oppose this Motion it will be full of conjecture and speculation as to what they may find and somehow attempt to "tie in" to this litigation**

Most recently in *Howard v. Seadrill Americas, Inc.* 2015-cv-02441-MLCF-KWR (E.D. La. 2015), Magistrate Judge Roby **GRANTED** Plaintiff's **Motion to Quash Subpoena Duces Tecum for Production of Cell Phone Records** and **Further Ordered** the *Subpoena Duces Tecum* issued to AT&T Mobility, LLC is **QUASHED.** Magistrate Judge Roby applied F.R.C.P. Rule 26(b)(1) the clear scope of discovery is limited to matters that are BOTH "relevant" and "proportional." This court did not find the plaintiff's cell phone records are important to resolving the issues. *Id.*

Moreover, this court included the privacy interest in his phone records, the burden of having those records produced likely outweighs the benefit. *Id.* Additionally, the Court discussed where discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.*

The same result as in *Howard v. Seadrill Americas, Inc.* and *Winter v. Bisso Marine Co.,* should obtain in this case. Plaintiff urges this court to adopt Judge Wilkinson's and Judge Ruby's opinion. Plaintiff has standing to quash this subpoena. Defendants Terry Randall, et al, like *Bisso* and *Seadrill*, is seeking information which "implicates" a party's interest in his privacy." *Seadrill*, like *Bisso*, cannot provide a rationale for the production of this evidence – it seeks to invade and intrude on a person's privacy to obtain records which are irrelevant (and not reasonably calculated to lead to relevant evidence.)

In addition, the records of Mr. Garrison whose case was in litigation during the time which the Defendants seek to review the phone records for an accident of his own, would invade Mr. Garrison's attorney-client privilege. Any such communication between Plaintiff and his attorneys is privileged communication including but not limited to when and how often. Mr. Garrison's privacy interest in his phone records, the burden of having those records produced likely outweigh the benefit of knowing any topic, issue, or any other area related to the case at hand. This "war" of cell phone records requests could go on endlessly but needlessly.

The privacy rights of individuals in cell phone records afforded great weight under the Constitution. A very recent Supreme Court of the United States opinion clearly states that a person who uses his cell phone has a "reasonable expectation of privacy" in those records. *Carpenter v. U.S.* 138 S.Ct. 2206 (U.S. 6/22/2018). Our Supreme Court has held that "historical cell-site records present even greater privacy concerns than the GPS monitoring of a vehicle we considered in Jones. Unlike the bugger container in *Knotts* or the car in *Jones*, <u>a cell phone – almost a 'feature of human anatomy' – tracks nearly exactly the movement of its owner.</u>

**A cell phone faithfully follows its owner beyond public thoroughfares and into private residences, doctor's offices, political headquarters, and other potentially revealing locales**. See. *Id* at 2490. In the *Carpenter* case, the government also argued that the cell phone records were fair game because they are "business records" created and maintained by wireless carriers.

Id at 2220. The Supreme Court of the United States in binding authority to all federal courts held that the expectation of privacy of information on a cell phone under the 4th Amendment outweighs such things as cell phone location information. Id at 2220. The Supreme Court went on to hold that **a warrant was needed** for these types of searches and obtaining said information and struck down the request for same. *Id* at 2221. The government even tried to obtain the record using an exception under the Stored Communications Act but this was also struck down as being outweighed by a person's reasonable expectation of privacy under the 4th Amendment of the Constitution. Id at 2221.

In the present case, the Defendant is asking this Court to trample the 4th Amendment rights of Mr. Garrison to conduct a three and a half year "fishing expedition". They cannot cite any relevant or admissible evidence for the request for Mr. Garrison's records, but they seek merely to obtain very specific and invasive means to which to obtain her records, movements, etc. Defendant has made a pattern of obtaining cell phone records of Plaintiff's in virtually any other case it has in litigation, including the present case and cannot provide any reason they could give would not rise to the level of a warrant which would cause this court to deviate from the binding ruling of *Carpenter* recently decided less than 10 months ago by our Supreme Court of the United States.

Additional cases have also quashed the Subpoena of Cell phone records. As persuasive authority, in *Dileo v. Lane*, 2013 WL 5409214, Judge Stephen Riedlinger of the Middle District Court, Quashed a SDT for cell phone records of the plaintiff because they are not relevant. Defendants argued that those records would have shown when he communicated about certain work issues and wanted to obtain the cell phone records to see when and to whom he may have communicated. The court struck down the Defendant's request for the SDT and the cell phone records finding that "**this was more like a fishing expedition than discovery reasonably calculated to lead to the discovery of admissible evidence.**" *Id.*

In yet another case and more recent ruling in the Eastern District of Louisiana, Hon. Judge Roby also struck down the request sent for cell phone records about **calls being made that would explain when certain events may have occurred about some *collusive effect* between parties in a lawsuit.** The defendants stated that it did not seek any privileged information but would merely explain who the **parties may have spoken to or about the potential litigation**. The court

Quashed the SDT and found that this was a "fishing expedition" and granted the Motion to Quash the SDT issued to the non-party. *Homelife in the Gardens, LLC v. Landry* 2018 WL 733213 (E.D.La. 2/5/18).

In the case at hand, the Defendant is asking to provide such privacy and sensitive information which would violate Mr. Garrison's Due Process and moreover his 4th Amendment rights of reasonable search and seizure as to where Mr. Garrison, a non-party, was for the past 3 ½ years and any and all phone calls which was received or made. The Defendant have shown no connection or relevance to this case or is of such marginal relevance that the potential harm of discovery is outweighed by the benefit.

The courts have already held multiple times a Plaintiff's records were deemed invasive and not reasonably to be relevant. This discovery seeks a new "Fishing Exhibition" and this "war" of cell phone records requests could go on endlessly but needlessly.

## CONCLUSION

For the foregoing reasons, Mr. Garrison, a Non-Party to this litigation respectfully requests that this Court grant Plaintiff's *Motion to Quash Subpoena Duces Tecum of his cell phone records*. Defendant's subpoena seeks production of documents irrelevant to the issues involved in this lawsuit, but moreover, which contain a Party's sensitive and private information. Consequently, Defendant cannot escape the conclusion that their only reason to obtain the cell phone records of Mr. Garrison is some ill-fated attempt to show that Mr. Garrison knowns or may know someone who has had accidents similar to his or someone else. While Mr. Garrison specifically denies that he has been involved with the staging or fraud in any accidents, even looking at the evidence most favorable to the Defendant, the cell phone records of a non-party would not change nor alter the findings of this Court in finding that there is no benefit of producing years of cell phone records for a non-party to outweigh Mr. Garrison's Federal 4th Amendment and Louisiana's 5th Amendment Constitutional rights to his personal cell phone information. Furthermore, under the Stored Communications Act, such information is not allowed via Subpoena Duces Tecum in a civil matter. Federal law gives no exceptions for civil subpoenas to cell phone providers to produce such information.

*{Signature Block on Next Page}*

Respectfully submitted,

MOTTA LAW, LLC

/s/ *Vanessa Motta*

Vanessa Motta (#36915)
3632 Canal Street
New Orleans, Louisiana 70119
504-500-7246 (telephone)
504-513-3122 (facsimile)
COUNSEL FOR CORNELIUS GARRISON

## CERTIFICATE OF SERVICE / COMPLIANCE

I hereby certify that on this 12th day of June, 2019, I have sent a copy of this Motion either by fax, U.S Mail postage pre-paid and/or email or by hand with the Clerk of Court and to all counsel of record.

Vanessa Motta

FILED

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

2019 JUN -5 PM 12: 24

CIVIL DISTRICT COURT

**SUBPOENA**

No. 2018-8806       DIVISION " G-11 "       Docket No. _____

Larren Dents and Daniel Clark
VS.
Terry Randall, Tyson Foods, Inc., Ace American Insurance Company, Clifton Gallin and Esurance Insurance Company

TO: T-Mobile USA, Inc. through its registered agent: Corporation Service Co., 501 Louisiana Avenue, Baton Rouge, LA 70802

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

### SUBPOENA REQUEST

[ ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20___ at _____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order of the Court.

### DEPOSITION SUBPOENA REQUEST

[ ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

### REQUEST FOR WRIT OF SUBPOENA DUCES TECUM

[ xx ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the [ ] trial, [✓] deposition, or [ ] hearing (state type) _____ _____ at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

**NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY**

**SEE ATTACHED EXHIBIT "A"**

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Subpoena Duces Tecum | $0.00 | $0.00 | $0.00 |
| Exhibit (Pages) | $2.00 | $2.00 | $0.00 |

CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS LA 70112
504-407-0000

| PLACE | DATE AND TIME |
|---|---|
| Galloway, Johnson, Tompkins, Burr & Smith, #3 Sanctuary Blvd., Third Floor, Mandeville, LA 70471 | 6/28/2019 @ 10:00 a.m. |

Receipt Date    06/25/19 12:35:39 PM
Receipt Number    761490
Cashier    cvaughn
Register    CDC Cash Register 3
Case Number    2018-08806
Grand Total    $2.00
Amount Received    $2.00
Balance Due    $0.00
Payment Transaction List
Check # 58199 $2.00

CHELSEY RICHARD NAPOLEON, CLERK
CIVIL DISTRICT COURT

Issued at the request of; and,
Fees and cost guaranteed by undersigned

[Attorney's signature]

**ATTORNEY**

**ATTORNEY'S NAME & BAR NUMBER** Andrea L. Albert, LA #27353

**ADDRESS & TELEPHONE NUMBER**
#3 Sanctuary Blvd., Third Floor
Mandeville, LA 70471
985-674-6680

EXHIBIT A

VERIFIED
[signature]
6/4/19

File original and two copies with Clerk
fourth copy for Attorney's File

E-105                ORIGINAL REQUEST

### EXHIBIT "A"

"A **complete, certified** copy of any and all records related to cellular/wireless phone target number **504-564-2011** for the period **January 17, 2016 through May 30, 2019** for the following: Confirmation on owner of cell phone account; monthly itemized billing statements; bill reprints; cell site(s) activation(s); number(s) dialed and send and/or received text messages; incoming number(s), if identified; subscriber(s) electronic Serial Number (E.S.N.) and billing information for the specified cellular/wireless telephone or any telephone number(s) revealed from theses records; an engineering map showing all cell-site tower location(s), sectors, and orientation(s). And, a list of any and all applicable cellular site(s), number(s), location(s), address(es), latitude and longitude of any said site(s). Also, that cellular site(s)' list(s) latitude(s) and longitude(s), be provided in electronic format; subscriber(s) E.S.N. and billing information for any other cellular/wireless telephone(s) on this account, or, that may be identified from these records; should this cellular/wireless, Mobile Identification Number (M.I.N.)/E.S.N. or combination be changed by the subscriber(s) during the course of this order, this request will apply to any new M.I.N./E.S.N.; That, with applicable format(s), that the provider(s) supply upon specific request(s) International Mobile Subscriber Identity number (T.M.S.I) information as often and/or frequent as it should change, if applicable and upon specific request(s); that all call detail, subscriber, numeric messages(s), alpha-numeric message(s) and any related record(s) and/or access by provided, upon specific request of specific date from specific time period(s) within the confines of this request, in an electronic format specified. Also, that the record(s)/date be forwarded; this request will apply to the actual physical analysis by agent(s)/officer(s)/designee(s), as necessary for the collection of said data and/or information, of the actual telecommunications device (cellular phone, pager, etc.), itself, associated with the number(s), account(s), etc. which is the target of this request; this request will apply to any and all company(ies) which may provider and/or carry wireless/telecommunication service(s) for the target mobile number(s). This may be required because of number portability and/or if the original carrier is modified due to roaming and/or other consideration(s)/reason(s); you are also requested to producer a map showing "call processing handovers" for the day, time and phone at issue."

FILED 2019 JUN -3 PM 12:25
CIVIL DISTRICT COURT

VERIFIED


EXHIBIT A

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-8806  DIVISION " G "

LARREN DENTS, ET AL

VERSUS

TERRY RANDALL, ET AL

FILED:_____  _____
DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the above and foregoing Motion to Quash Cell Phone Records of Non-Party Cornelius Garrison, filed on behalf of Cornelius Garrison, through undersigned counsel, Vanessa Motta;

**IT IS HEREBY, ORDERED, ADJUDGED AND DECREED** that Defendants Terry Randall, et al, shall appear and show cause, on the _____ day of _____, 2019 at _____ o'clock a.m. why the Motion to Quash Cell Phone Records of Non-Party Cornelius Garrison, should not be granted in all respects and why Defendants and/or attorney should not be held liable for costs and reasonable expenses, including attorney's fees, occasioned by Non-Party's Motion.

**NEW ORLEANS, LOUISIANA** this _____ day of _____, 2019.


_____
HONRABLE JUDGE GIARRUSSO


**PLEASE SERVE:**

Counsel for Defendants, TYSON FOODS, INCS, ET AL
Galloway, Johnson, Tompkins, Burr & Smith
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70448

Counsel for Plaintiff-in Crossclaim-Clifton Gallin
Paul E. Mayeaux
1421 N. Causeway Blvd., Suite 100
Metairie, LA 70001

Counsel for Plaintiffs
Baer Law
3000 Kingman Street, Ste. 200
Metairie, LA 70006