# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFTON GALLIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-10070** |
| **TYSON FOODS, INC. ET AL** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Clifton Gallin's ("Gallin") motion[1] to remand the above-captioned matter to the Civil District Court for the Parish of Orleans, State of Louisiana. Defendants Tyson Foods, Inc. and Tyson Sales and Distribution, Inc., (together, "Tyson"), as well as Ace American Insurance Company, and Terry Randall ("Randall") (collectively, "defendants"), removed the above-captioned matter to this Court alleging diversity jurisdiction.[2] Defendants filed a response in opposition[3] and a supplemental response in opposition[4] to Gallin's motion to remand. For the following reasons, the motion is granted.

## I.

The Court is familiar with the facts of this case, as it is the second time this Court is faced with a motion to remand the underlying state court action. *See Gallin v. Tyson Foods, et al.*, No. 18-10134, R. Doc. No. 17. In his petition, Gallin alleges that on or about September 20, 2017, he was driving east on Interstate 10, at or near

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 1.
[3] R. Doc. No. 13.
[4] R. Doc. No. 17.

the Interstate 610 approach in the Parish of Orleans, State of Louisiana, when his vehicle was struck by a freight tractor.[5] Gallin alleges that the freight tractor was owned by Tyson and operated by Randall.[6] On September 18, 2018, Gallin filed his state lawsuit to recover damages allegedly caused by Randall's negligence.[7]

Gallin alleges that, at the time of the accident, Randall was operating the freight tractor in the course and scope of his employment with Tyson.[8] According to Gallin, Tyson allowed an "untrained, unskilled and careless driver" to operate its freight tractor and failed to properly instruct its employee how to operate the vehicle.[9] Gallin sued Ace American Insurance Company as the insurer of Randall and Tyson.[10]

Defendants removed Gallin's lawsuit, for a second time, on May 3, 2019.[11] Defendants assert that this Court has subject matter jurisdiction pursuant to 28

---

[5] R. Doc. No. 1-2, at 2 ¶ III.
[6] R. Doc. No. 1-2, at 2 ¶ III.
[7] *See* R. Doc. No. 1-2.
[8] R. Doc. No. 1-2, at 3 ¶ VI.
[9] R. Doc. No. 1-2, at 3 ¶ VIII.
[10] R. Doc. No. 1-2, at 4 ¶ XI.
[11] *See generally* R. Doc. No. 1. Defendants first removed the underlying state court action to this Court on October 30, 2018, which this Court remanded for lack of subject matter jurisdiction. *Gallin v. Tyson Foods, et al.*, No. 18-10134, R. Doc. No. 17. Specifically, the Court found that diversity jurisdiction did not exist because defendants could not prove that the amount in controversy exceeded $75,000, exclusive of interest and costs. *Id.*

Defendants have removed this action a second time, arguing, in part, that Gallin's counsel admitted at an April 26, 2019 state court hearing that the amount in controversy exceeds $75,000, exclusive of interest and costs. R. Doc. No. 1, at 4 ¶ V. Defendants attached a transcript of the April 26, 2019 hearing to their notice of removal, which they assert demonstrates Gallin's admission that the amount in controversy exceeds $75,000. R. Doc. No. 1-14, at 8. Assuming, without deciding, that the Court could consider such transcript and that it is not procedurally prevented from doing so, the Court is not at all convinced that Gallin admitted that the amount

U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.[12]

Gallin filed the present motion to remand asserting that the amount in controversy does not exceed $75,000 exclusive of interest and costs.[13] Gallin does not dispute diversity of citizenship. Gallin attached to his motion to remand an irrevocable stipulation, wherein he asserts that damages in the state court action are less than $75,000 and that he "affirmatively renounces and waives entitlement to the right to accept or enforce a judgment in excess of $75,000."[14] Defendants oppose Gallin's motion to remand arguing that his post-removal stipulation was inappropriately filed in the state court matter and that Gallin's medical records demonstrate that the amount in controversy exceeds $75,000.[15]

## II.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

---

in controversy exceeds $75,000. Instead, it understands Gallin's counsel's statement to mean that he was certain defendants would remove this action again.

[12] R. Doc. No. 1, at 5–8, ¶¶ VI–XX.
[13] R. Doc. No. 10-1, at 2.
[14] R. Doc. Nos. 10-2–10-3.
[15] R. Doc. No. 13, at 7; R. Doc. No. 17, at 1. Gallin provided defendants with his initial disclosures on June 4, 2019, the day after defendants timely filed their opposition to Gallin's motion to remand. R. Doc. Nos. 17-1–17-5. Thereafter, the Court granted defendants leave to file a supplemental opposition to the motion to remand, which attached medical records included in Gallin's initial disclosures. R. Doc. Nos. 16–17.

3

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

The removing defendant or defendants must file a notice of removal pursuant to 28 U.S.C. § 1446. "The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and the propriety of removal." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 313 (5th Cir. 2015) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Courts generally consult the state court petition to establish the amount in controversy; "[h]owever, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount." *Manguno*, 276 F.3d at 723 (citing La. Civ. Code art. 893(A)(1)). "Therefore, where, as here, the petition does not include a specific monetary demand, [defendants] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citations omitted).

Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar*, 47 F.3d at 1412).[16] "A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). However, if "the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction." *Bienemy*, 2016 WL 6994200, at *2 (citing *Gebbia*, 233 F.3d at 883).

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). "The Court has great discretion in determining whether the jurisdictional amount has been satisfied." *Omega Hosp., LLC v. Comm. Ins. Co.*, 14-2264, 2014 WL 6640312, at *3 (E.D. La.

---

[16] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d at 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

5

Nov. 21, 2014) (Barbier, J.) (citing *Foret v. S. Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir. 1990).

### III.

As previously stated, the parties do not dispute that complete diversity exists, so the Court need only determine whether the amount in controversy exceeds $75,000, exclusive of interest and costs, to satisfy the requirements of § 1332.

With respect to Gallin's first motion to remand, this Court previously noted that it is not facially apparent from Gallin's state court petition that the amount in controversy exceeds $75,000. *Gallin v. Tyson Foods, et al.,* No. 18-10134, R. Doc. No. 17, at 6–8. In his state court petition, Gallin alleges that the "sudden, unexpected, and violent blow of the collision" caused him severe and painful injuries, namely past, present, and future medical expenses; past, present, and future pain and suffering and loss of function; past, present, and future mental anguish and emotional distress; past and future lost wages and diminished earning capacity; special care and services; loss of enjoyment of life; and permanent partial disability.[17] This Court held:

> Although "the types of damages alleged by [Gallin] generally assist in establishing the amount in controversy require[d] by § 1332, such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [Gallin has] or will incur.'" *Maze* [*Protective Ins. Co.*, No. 16-15424], 2017 WL 164420, at *4 [(E.D. La. Jan. 17, 2017) (Engelhardt, J.)] (alterations in original in part). Thus, the Court finds that it is not facially apparent from

---

[17] R. Doc. No. 1-2, at 3–4 ¶¶ IX–X.

6

Gallin's petition that his alleged damages exceed $75,000, exclusive of interest and costs.[18]

Therefore, defendants must present summary judgment type evidence of the facts in controversy to support a finding of the jurisdictional amount. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) ("[The defendant] was faced with a complaint that described damages inadequately to support removal," and "therefore had an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show 'by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000.'") (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-[removal] [discovery responses] are allowable only if relevant to that period of time."). Defendants' evidence in support of the amount in controversy pre-dates removal.

In their supplemental response in opposition to the instant motion to remand, defendants attach medical records, which include Gallin's medical evaluations from multiple doctors and medical bills.[19] Specifically, K. E. Vogel, M.D., in December 2017, approximately three months after the accident, explained that Gallin had been following conservative care, he had continued to work, the pain was intractable, and

---

[18] *Gallin v. Tyson Foods, et al.*, No. 18-10134, R. Doc. No. 17, at 8 (alterations in original in part).
[19] R. Doc. Nos. 17-2–17-5.

he was a "surgical candidate **pending** test results."[20] Dr. Vogel did not definitively conclude that Gallin had herniated discs.[21]

Donald D. Dietze, Jr., M.D., in February 2019, noted that Gallin has cervical and lumbar disc herniations and he recommended that Gallin either have a cervical disc replacement or undergo cervical spinal injections.[22] Recommending cervical surgery, Dr. Dietze noted Gallin's persistent symptoms and lack of healing.[23] Dr. Dietze's report notes that a follow-up meeting, to discuss cervical injections and cervical surgery, was "to be determined."[24] Dr. Dietze noted that Gallin's lumbar disc herniation was essentially "unchanged" and that not much was discussed about that with Gallin.[25]

Finally, Najeeb M. Thomas, M.D., evaluated Gallin in April 2019.[26] Dr. Thomas noted that Gallin was in pain, his pain had gotten worse, and that Gallin tried physical therapy, but that he had not had any injections.[27] Dr. Thomas's impression was that Gallin has cervical and lumbar radicular syndrome.[28] After viewing Gallin's MRI, Dr. Thomas determined that Gallin has a herniated disc in his lumbar spine.[29] Dr. Thomas did not note a herniated disc in Gallin's cervical spine,

---

[20] R. Doc. No. 17-2, at 1–2 (emphasis added).
[21] *See* R. Doc. No. 17-2.
[22] R. Doc. No. 17-3, at 2.
[23] R. Doc. No. 17-3, at 2.
[24] R. Doc. No. 17-3, at 2.
[25] R. Doc. No. 17-3, at 2.
[26] *See* R. Doc. No. 17-4.
[27] R. Doc. No. 17-4, at 1.
[28] R. Doc. No. 17-4, at 2.
[29] R. Doc. No. 17-4, at 2.

but noted Gallin's previous cervical fusion and stated that disc osteophytes were compressing Gallin's cervical spine at the C5-6 level and that he also had compression at the 4-5 and 6-7 levels.[30] Dr. Thomas placed Gallin on a treatment plan that included epidural steroid injections for his cervical and thoracic spine and he recommended a follow-up visit.[31] No surgery recommendation was made.

Defendants' submissions also show that Gallin has incurred $20,181 in medical expenses.[32] All of the diagnoses, recommendations, and medical costs were made or incurred before defendants filed their notice of removal. Defendants assert that based on Gallin's doctors' recommendations, ongoing treatment plans, and medical records, his damages exceed $75,000.[33]

Courts conduct a highly fact-specific inquiry when determining whether a plaintiff's damages exceed the jurisdictional threshold, especially when the plaintiff has a herniated disc, among other alleged injuries.[34] Although other sections of this court have often held that unoperated herniated discs do not meet the jurisdictional minimum, the Court notes that such findings certainly do not amount to a rule in this district as each case appears to be fact specific.

---

[30] R. Doc. No. 17-4, at 2.
[31] R. Doc. No. 17-4, at 2. Dr. Thomas was also "going to obtain a bilateral S1 transforaminal epidural steroid injection with Dr. Martinez." *Id.*
[32] R. Doc. No. 17-5.
[33] R. Doc. No. 17, at 2.
[34] *See McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016); *Arnold v. Lowe's Home Ctrs., Inc.*, No. 10-4454, 2011 WL 976512 (E.D La. Mar. 6, 2011); *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. 10-53, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010) (Zainey, J.); *Anderson v. Great West Cas. Co.*, No. 09-7716, 2010 WL 420572, at *1 (E.D. La. Jan. 29, 2010).

While the record includes Gallin's medical diagnoses and various recommendations for future treatment, it is unclear whether Gallin will undergo such treatment. Dr. Vogel stated that Gallin was a "surgical candidate pending test results;" Dr. Dietze recommended cervical surgery, although he noted that Gallin has the alternative option of undergoing injections; and Dr. Thomas did not recommend surgery. Defendants have not presented any evidence of the likelihood of such surgery. *See Loftin v. Hughes*, 14-1608, 2014 WL 3893313, at *4 (E.D. La. Aug. 7, 2014) (Brown, J.) ("[T]he future treatments suggested by Plaintiffs' physicians are only possibilities," and "[d]efendants provide no information regarding the likelihood that any Plaintiff will undergo these possible procedures.").

The only conclusive evidence defendants have submitted indicating the actual amount in controversy is the medical expenses that Gallin has incurred, just above $20,000 and far below the requisite jurisdictional amount. Defendants have not presented any evidence with respect to the anticipated future costs of Gallin's treatment, if such treatment does occur.

"The reality that plaintiffs *may* recover greater than $75,000 does not suffice to warrant removal." *Carbajal v. Caskids Oil Operating Co.*, 05-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006) (Africk, J.) (emphasis added); *see also Maze*, 2017 WL 164420, at *4 ("[M]erely because a plaintiff's damages potentially may exceed $75,000 does not make [ ] such an award appear more likely than not."); *Buchana v. Wal-Mart Stores, Inc.*, 99-2783, 1999 WL 1044336, at *4 (E.D. La. Nov. 17, 1999) (Vance, J.) ("A 'could well' standard sounds more like a 'possibility' standard

of proof, rather than a 'more likely than not' standard.") (citing *Allen*, 63 F.3d at 1336).

After considering the parties briefs and the evidence in the record, the Court, construing all ambiguities in favor of remand, finds that defendants have not shown by a preponderance of the evidence, i.e., more likely than not, that the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, remand is warranted.[35]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Gallin's motion for remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of subject matter jurisdiction.

New Orleans, Louisiana, June 25, 2019.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[35] Because defendants have not met their burden, the Court need not consider the propriety of Gallin's stipulation that the amount in controversy does not exceed $75,000 exclusive of interest and costs and renouncing his right to accept or enforce a judgment in excess of $75,000.